IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| BRENTON L. GRICE and LATEQUA L. BROWN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ATLANTIC WIRELESS COMMUNICATIONS, INC., <br><br> Defendant. | CIVIL ACTION 4:20-cv-240 <br><br> COLLECTIVE ACTION COMPLAINT |

Plaintiffs, Brenton L. Grice ("Grice") and Latequa L. Brown ("Brown") (together "Plaintiffs"), individually and on behalf of all other similarly-situated employees, by and through their counsel, bring claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA"), against Atlantic Wireless Communications, Inc. ("AWC" or "Defendant"), and allege, upon personal belief as to themselves and their own acts, and as for all other matters, upon information and belief, and based upon the investigation made by their counsel, as follows:

## NATURE OF ACTION

1. Plaintiffs contend that Defendant violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") by knowingly suffering and/or permitting Plaintiffs and the putative Collective members ("Collective") to work in excess of 40 hours

1

per workweek without properly compensating them for all overtime hours worked and at the correct statutory overtime premium rate for all overtime hours.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction." Grice and Brown have signed opt-in consent forms to join this lawsuit. (Exhibits 1 and 2).

3. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 because Plaintiffs' claims arise under the FLSA.

4. This Court has personal jurisdiction because Defendant conducts substantial business in Pitt County, North Carolina, which is located within this judicial district.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Pitt County, North Carolina, which is located within this judicial district.

## PARTIES

6. Grice is a resident of Greenville, North Carolina and works for Defendant as a Wireless Retail Sales Associate ("Associate").

7. Brown is a resident of Grimesland, North Carolina and works for Defendant as a Wireless Retail Sales Associate ("Associate")

8. Defendant is an owner and operator of U.S. Cellular branded retail stores located in North Carolina and Missouri.

9. Defendant's corporate headquarters is located in Greenville, North Carolina.

10. At all times relevant, Defendant was Plaintiffs' "employer" as defined by the FLSA, 29 U.S.C. §203(d) and was actively engaged in the conduct described herein. Throughout the relevant period, Defendant employed Plaintiffs and similarly-situated employees within the meaning of the FLSA.

## FACTS

11. Plaintiffs and the Collective are individuals who work and have worked for Defendant as Associates during the three-year statutory period preceding the filing of this Complaint. Amongst other things, Plaintiffs and the Collective all share similar training, job descriptions and job tasks. Plaintiffs and Collective Members were all paid an hourly rate of pay, plus commission and spiffs.

12. Defendant hired Grice as an Associate in or about August 2020.

13. Defendant hired Brown as an Associate on or about October 14, 2019.

14. Throughout the duration of their employment with Defendant, Plaintiffs received biweekly paychecks from Defendant that did not properly record or compensate them for all overtime hours that they worked.

15. Defendant regularly "shaved" time from the total number of hours Plaintiffs worked by fraudulently accessing Defendant's timekeeping system and manually reducing the actual number of hours worked by Plaintiffs. As a result, Defendant regularly paid Plaintiffs for less overtime hours than they worked.

3

16. Defendant also failed to accurately calculate Plaintiffs' regular rates of pay used to determine their correct overtime pay rate by failing to include commissions and spiffs in Plaintiffs' total weekly earnings.

17. Grice worked more than 40 hours in a workweek during one or more weeks of his employment with Defendant and he was not paid for all overtime hours worked, nor was he paid at the correct overtime pay rate.

18. Brown worked more than 40 hours in a workweek during one or more weeks of her employment with Defendant and she was not paid for all overtime hours worked, nor was she paid at the correct overtime pay rate.

19. Defendant determined and controlled the total number of hours worked by Plaintiffs, as well as the compensation paid to Plaintiffs.

20. Defendant knew, and was aware at all times, that Plaintiffs and the Collective were not paid for all overtime hours worked because Defendant's management employees were instructed to access Defendant's timekeeping system and reduce the number of overtime hours that Associates worked.

21. The conduct alleged above reduced Defendant's labor and payroll costs.

22. Plaintiffs and the Collective were subject to Defendant's uniform policies and practices and were victims of Defendant's scheme to deprive them of overtime compensation. As a result of Defendant's improper and willful failure to pay Plaintiffs and the Collective in accordance with the requirements of the FLSA, Plaintiffs and the Collective suffered lost wages and other related damages.

## DEFENDANT WILLFULLY VIOLATED THE FLSA

23. Defendant has no legitimate basis to believe Plaintiffs and the Collective were exempt from the overtime requirements of the FLSA. Instead, Defendant either knew or acted with reckless disregard of clearly applicable FLSA provisions in failing to pay Plaintiffs and the Collective overtime compensation for all overtime hours worked and at the correct overtime rate of pay. Defendant's willful actions and/or willful failures to act, included, but were not necessarily limited to:

   a. Defendant maintained or should have maintained accurate payroll and time keeping records that reflected that Plaintiffs and the Collective did, in fact, regularly work overtime hours and therefore, Defendant had actual or constructive knowledge that Plaintiffs and the Collective worked more overtime hours than they were compensated for;

   b. Defendant knew or should have known that it did not pay Plaintiffs and the Collective one and one half (1½) times their regular rate of pay for all overtime hours worked;

   c. Defendant lacked any good-faith basis to believe that it was lawfully permitted to fraudulently manipulate its timekeeping system to reduce the number of hours Plaintiffs and the Collective worked; and

   d. Defendant was aware that it would (and did) benefit financially by failing to pay Plaintiffs and the Collective overtime premium pay for all overtime hours worked, thereby reducing labor and payroll costs.

# FLSA COLLECTIVE ACTION ALLEGATIONS

24. Plaintiffs bring this collective action on behalf of themselves and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, and other damages related to Defendant's violation of the FLSA.

25. Plaintiffs pursue the requested relief on behalf of the following individuals ("the Collective"):

> **All individuals who currently work, or have worked, for Defendant as Wireless Retail Sales Associates at Defendant's North Carolina and Missouri locations at any time within the preceding 3-years from the date of filing the complaint.**

26. Grice is a member of the Collective that he seeks to represent because he was employed by Defendant during the relevant period, routinely suffered or was permitted to work more than 40 hours per week, as described above, and was not paid at the FLSA's mandated overtime premium rate for all time he worked over 40 hours per workweek.

27. Brown is a member of the Collective that she seeks to represent because she was employed by Defendant during the relevant period, routinely suffered or was permitted to work more than 40 hours per week, as described above, and was not paid at the FLSA's mandated overtime premium rate for all time she worked over 40 hours per workweek

28. Defendant engaged in common schemes to avoid paying Plaintiffs and the Collective overtime pay when they worked in excess of 40 hours per week by (1) fraudulently manipulating Defendant's timekeeping system to reduce the number of overtime hours worked by Plaintiffs and the Collective; and (2) failing to accurately

calculate Plaintiffs' and the Collective's regular rates of pay used to determine their correct overtime pay rate by failing to include commissions and spiffs in Plaintiffs' and the Collective's total weekly earnings.

29. Although Plaintiffs and the Collective may have worked in different locations throughout the relevant period, this action may be properly maintained as a collective because:

   a. Plaintiffs and the Collective were all paid under the same compensation structure;

   b. Plaintiffs and the Collective worked in excess of 40 hours per week during one or more workweeks while employed by Defendant;

   c. Regardless of their location, Defendant reduced the number of overtime hours worked by Plaintiffs and the Collective by fraudulently manipulating Defendant's timekeeping system to reduce the number of overtime hours worked;

   d. Regardless of their location, Defendant did not pay Plaintiffs and the Collective an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per workweek; and

   e. Defendant maintained common timekeeping and payroll systems and policies with respect to Plaintiffs and the Collective, regardless of their location.

30. Defendant encouraged, suffered, and permitted Plaintiffs and the Collective to work more than forty (40) hours per week without proper overtime compensation.

7

31. Defendant knew that Plaintiffs and the Collective performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendant operated under a scheme, as previously described, to deprive Plaintiffs and the Collective of overtime compensation.

32. Defendant's conduct as alleged herein was willful and caused damage to Plaintiffs and the Collective.

33. Defendant is liable under the FLSA for failing to properly pay Plaintiffs and the Collective overtime wages. Plaintiffs request that the Court authorize notice to the members of the Collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b) for the purpose of seeking unpaid overtime compensation, liquidated damages under FLSA, and the other relief requested herein.

34. Plaintiffs estimates that the collective, including both current and former employees over the relevant period, will include more than 75 members. The precise number of collective members should be readily available from Defendant's personnel, scheduling, time, and payroll records as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b). Given the composition and size of the Collective, its members may be informed of the pendency of this action directly via U.S. mail and e-mail.

## **FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA FOR ALL OVERTIME HOURS WORKED**

35. Plaintiffs reallege and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

36. Defendant operates an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

37. Plaintiffs and the Collective are similarly-situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

38. FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

39. Throughout the relevant period, Defendant violated the FLSA by routinely suffering or permitting Plaintiffs and the Collective to work overtime hours each week without paying them premium overtime pay at the correct overtime pay rate and for the actual number of overtime hours worked.

40. Throughout the relevant period, Plaintiffs and the Collective each worked in excess of 40 hours per week during one or more workweeks but were not paid an overtime premium of 1½ times their regular hourly rate for all of those additional hours.

41. Defendant's actions described in this Complaint violated the FLSA.

42. Defendant's actions were willful and not in good faith.

43. Plaintiffs and the Collective have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendant derived a direct and substantial benefit.

44. Defendant is liable to Plaintiffs and the Collective for actual damages, liquidated damages, and equitable relief pursuant to 29 U.S.C. §216(b) as well as reasonable attorneys' fees, costs, and expenses.

45. Plaintiffs and the Collective are also entitled to injunctive relief to prevent Defendant from continuing their violation of the FLSA and other appropriate Collective-wide injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, demand judgment against Defendant, jointly and severally, and in favor of Plaintiffs and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiffs and all others similarly situated for the nature, extent and duration of their damages, the costs of this action and as follows:

A. Order the Defendant to file with this Court and furnish to counsel a list of all names, telephone numbers, e-mail addresses and home addresses of all Associates who have worked for the Defendant within the last three years;

B. Authorize Plaintiffs' counsel to issue notice via U.S. Mail and e-mail at the earliest possible time to all Associates who worked for the Defendant within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

C. Certify Plaintiffs' FLSA claims as a collective action;

D. Declare and find that the Defendant committed one or more of the following acts:

　　i. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiffs and similarly-situated persons who opt-in to this action;

　　ii. Willfully violated provisions of the FLSA;

E. Award compensatory damages, including all overtime pay owed, in an amount according to proof;

F. Award liquidated damages on all compensation due accruing from the date such amounts were due;

G. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

H. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

I. For such further relief as the Court deems just and equitable.

Dated: December 29, 2020                Respectfully Submitted,


/s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr., NCSB #50276

**GIBBONS LEIS, PLLC**
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, NC 28277
Telephone: 704-612-0038
Email: phil@gibbonsleis.com
craig@gibbonsleis.com