# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### EASTERN DIVISION

| | |
|---|---|
| BRENTON L. GRICE and LATEQUA L. BROWN, individually and on behalf of all others similarly situated, | ) CIVIL ACTION 4:20-cv-240-BO ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) FIRST AMENDED ) CLASS/COLLECTIVE ACTION ) COMPLAINT |
| ATLANTIC WIRELESS COMMUNICATIONS, INC., | ) ) ) |
| Defendant. | |

Plaintiffs, Brenton L. Grice ("Grice") and Latequa L. Brown ("Brown") (together "Plaintiffs"), individually and on behalf of all other similarly situated employees, by and through their counsel, bring claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA") and as a Class Action pursuant to the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 *et. seq.* ("NCWHA") against Atlantic Wireless Communications, Inc. ("AWC" or "Defendant"), and allege, upon personal belief as to themselves and their own acts, and as for all other matters, upon information and belief, and based upon the investigation made by their counsel, as follows:

## NATURE OF ACTION

1.  Plaintiffs contend that Defendant violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") by knowingly suffering and/or permitting Plaintiffs and the putative collective members ("Collective") to work in excess of 40 hours per workweek without properly compensating them for all overtime hours worked and at the correct statutory overtime premium rate for all overtime hours.

2. Plaintiffs contend that Defendant violated the NCWHA by failing to timely pay all earned regular wages to Plaintiffs and similarly situated employees on their regularly scheduled paydays.

3. Plaintiffs bring their claim for unpaid overtime compensation on behalf of themselves and others similarly situated employees as an opt-in collective action pursuant to the FLSA. Plaintiffs bring their claims for unpaid wages under the NCWHA on behalf of themselves and all other similarly situated employees as an opt-out class action pursuant to Fed. R. Civ. P. 23

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction." Grice and Brown have signed opt-in consent forms to join this lawsuit. (Exhibits 1 and 2).

5. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 because Plaintiffs' claims arise under the FLSA.

6. The claims for violations of the NCWHA are based on the statutory law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same common nucleus of operative facts as the FLSA claim.

7. All causes of action alleged by Plaintiffs can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties

8. This Court has personal jurisdiction because Defendant conducts substantial business in Pitt County, North Carolina, which is located within this judicial district.

9. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Pitt County, North Carolina, which is located within this judicial district.

**PARTIES**

10. Grice is a resident of Greenville, North Carolina and works for Defendant as a Wireless Retail Sales Associate ("Associate").

11. Brown is a resident of Grimesland, North Carolina and works for Defendant as a Wireless Retail Sales Associate ("Associate")

12. Defendant is an owner and operator of U.S. Cellular branded retail stores located in North Carolina.

13. Defendant's corporate headquarters is located in Greenville, North Carolina.

14. At all times relevant, Defendant was Plaintiffs' "employer" as defined by the FLSA, 29 U.S.C. §203(d) and was actively engaged in the conduct described herein. Throughout the relevant period, Defendant employed Plaintiffs and similarly situated employees within the meaning of the FLSA.

15. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(5).

16. At all times hereinafter mentioned, Plaintiffs and similarly situated Associates were employees within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(4)

**FACTS**

17. Plaintiffs and similarly situated Associates are individuals who work and have worked for Defendant as Associates. Amongst other things, Plaintiffs and the Collective all share

similar training, job descriptions and job tasks. Plaintiffs and Collective Members were all paid an hourly rate of pay, plus commission and spiffs.

18. Defendant hired Grice as an Associate in or about August 2020.

19. Defendant hired Brown as an Associate on or about October 14, 2019.

20. Throughout the duration of their employment with Defendant, Plaintiffs received biweekly paychecks from Defendant that did not properly record or compensate them for all overtime hours that they worked.

21. Defendant regularly "shaved" time from the total number of hours Plaintiffs worked by fraudulently accessing Defendant's timekeeping system and manually reducing the actual number of hours worked by Plaintiffs. As a result, Defendant regularly paid Plaintiffs for less overtime hours than they worked.

22. Defendant's policy and practice of "shaving time" from the total number of hours worked was applicable to all Associates at Defendant's North Carolina locations. This policy and practice was authorized and directed by Keith Ingram, Defendant's Director of Sales and Development. In this role, Defendant's North Carolina Store Managers reported to Ingram.

23. Defendant also failed to accurately calculate Plaintiffs' regular rates of pay used to determine their correct overtime pay rate by failing to include commissions and spiffs in Plaintiffs' total weekly earnings.

24. Plaintiffs and other similarly situated Associates also regularly worked off-the-clock while employed by Defendant. Examples of off-the-clock work included, but are not limited to, driving between Defendant's stores during the course of a workday; cleaning Defendant's stores; making computer entries on Defendant's computer system; counting down cash register

4

drawers; driving to make bank deposits; stocking equipment; and time periods where no customers were present in Defendants' stores.

25. Defendants did not pay Plaintiffs or other similarly situated Associates for the off-the-clock work described in paragraph 24 of this Amended Complaint.

26. The off-the-clock work described in paragraph 24 of this Amended Complaint resulted in unpaid regular hours and unpaid overtime hours.

27. Grice worked more than 40 hours in a workweek during one or more weeks of his employment with Defendant and he was not paid for all overtime hours worked, nor was he paid at the correct overtime pay rate.

28. Brown worked more than 40 hours in a workweek during one or more weeks of her employment with Defendant and she was not paid for all overtime hours worked, nor was she paid at the correct overtime pay rate.

29. Defendant determined and controlled the total number of hours worked by Plaintiffs, as well as the compensation paid to Plaintiffs.

30. Defendant knew, and was aware at all times, that Plaintiffs and the Collective were not paid for all overtime hours worked because Defendant's management employees were instructed by Ingram to access Defendant's timekeeping system and reduce the number of overtime hours that Associates worked.

31. Defendant knew, and was aware at all times, that Plaintiffs and other similarly situated Associates worked off-the-clock because Defendant's managers assigned the off-the-clock work, observed the off-the-clock work being performed, and had knowledge that Plaintiffs and similarly situated Associates were performing the off-the-clock work without pay.

32. The conduct alleged above reduced Defendant's labor and payroll costs.

33. Plaintiffs and the Collective were subject to Defendant's uniform policies and practices and were victims of Defendant's scheme to deprive them of overtime compensation. As a result of Defendant's improper and willful failure to pay Plaintiffs and the Collective in accordance with the requirements of the FLSA, Plaintiffs and the Collective suffered lost wages and other related damages.

34. Plaintiffs and similarly situated Associates were subject to Defendant's uniform policies and practices and were victims of Defendant's scheme to deprive them of the timely payment of wages on their regularly scheduled paydays. As a result of Defendant's improper and willful failure to pay Plaintiffs and similarly situated Associates in accordance with the requirements of the NCWHA, Plaintiffs and similarly situated Associates suffered lost wages and other related damages.

## **DEFENDANT WILLFULLY VIOLATED THE FLSA**

35. Defendant has no legitimate basis to believe Plaintiffs and the Collective were exempt from the overtime requirements of the FLSA. Instead, Defendant either knew or acted with reckless disregard of clearly applicable FLSA provisions in failing to pay Plaintiffs and the Collective overtime compensation for all overtime hours worked and at the correct overtime rate of pay. Defendant's willful actions and/or willful failures to act included, but were not necessarily limited to:

   a. Defendant maintained or should have maintained accurate payroll and time keeping records that reflected that Plaintiffs and the Collective did, in fact, regularly work overtime hours and therefore, Defendant had actual or constructive

6

Case 4:20-cv-00240-BO   Document 9   Filed 01/26/21   Page 6 of 18

knowledge that Plaintiffs and the Collective worked more overtime hours than they were compensated for;

b. The policy and practice of "shaving" time from the hours worked by Plaintiffs and the Collective was authorized and directed by Ingram, who was responsible for all of Defendant's North Carolina locations;

c. Defendant knew or should have known that it did not pay Plaintiffs and the Collective one and one half (1½) times their regular rate of pay for all overtime hours worked;

d. Defendant lacked any good-faith basis to believe that it was lawfully permitted to fraudulently manipulate its timekeeping system to reduce the number of hours Plaintiffs and the Collective worked;

e. Defendant was aware that Plaintiffs and the Collective regularly worked "off-the-clock," as described above in paragraph 24; and

f. Defendant was aware that it would (and did) benefit financially by failing to pay Plaintiffs and the Collective overtime premium pay for all overtime hours worked, thereby reducing labor and payroll costs.

## **DEFENDANT WILLFULLY VIOLATED THE NCWHA**

36. Defendant has no legitimate basis to believe Plaintiffs and similarly situated Associates were exempt from the payday requirements of the NCWHA. Instead, Defendant either knew or acted with reckless disregard of clearly applicable NCWHA provisions in failing to pay Plaintiffs and similarly situated Associates for all earned wages on their regularly scheduled paydays. Defendant's willful actions and/or willful failures to act included, but were not necessarily limited to:

a. Defendant maintained or should have maintained accurate payroll and time keeping records that reflected that Plaintiffs and similarly situated Associates did, in fact, regularly work off-the-clock and therefore, Defendant had actual or constructive knowledge that Plaintiffs and the Collective worked more regular and overtime hours than they were compensated for;

b. Defendant lacked any good-faith basis to believe that it was lawfully permitted to allow Plaintiffs and similarly situated Associates to work off-the-clock without pay;

c. Defendant was aware that Plaintiffs and the Collective regularly worked "off-the-clock," as described above in paragraph 24; and

d. Defendant was aware that it would (and did) benefit financially by failing to pay Plaintiffs and similarly situated Associates for all hours worked, thereby reducing labor and payroll costs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

37. Plaintiffs bring this collective action on behalf of themselves and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, and other damages related to Defendant's violation of the FLSA.

38. Plaintiffs pursue the requested relief on behalf of the following individuals ("the Collective"):

> **All individuals who currently work, or have worked, for Defendant as Wireless Retail Sales Associates at Defendant's North Carolina locations at any time within the preceding 3-years from the date of filing Plaintiffs' initial Complaint.**

39. Grice is a member of the Collective that he seeks to represent because he was employed by Defendant during the relevant period, routinely suffered or was permitted to work

more than 40 hours per week, as described above, and was not paid at the FLSA's mandated overtime premium rate for all time he worked over 40 hours per workweek.

40. Brown is a member of the Collective that she seeks to represent because she was employed by Defendant during the relevant period, routinely suffered or was permitted to work more than 40 hours per week, as described above, and was not paid at the FLSA's mandated overtime premium rate for all time she worked over 40 hours per workweek

41. Defendant engaged in common schemes to avoid paying Plaintiffs and the Collective overtime pay when they worked in excess of 40 hours per week by (1) fraudulently manipulating Defendant's timekeeping system to reduce the number of overtime hours worked by Plaintiffs and the Collective; (2) failing to accurately calculate Plaintiffs' and the Collective's regular rates of pay used to determine their correct overtime pay rate by failing to include commissions and spiffs in Plaintiffs' and the Collective's total weekly earnings; and (3) suffering and permitting Plaintiffs and the Collective to work off-the-clock.

42. Although Plaintiffs and the Collective may have worked in different locations throughout the relevant period, this action may be properly maintained as a collective because:

   a. Plaintiffs and the Collective were all paid under the same compensation structure;
   b. Plaintiffs and the Collective worked in excess of 40 hours per week during one or more workweeks while employed by Defendant;
   c. Regardless of their location, Defendant reduced the number of overtime hours worked by Plaintiffs and the Collective by fraudulently manipulating Defendant's timekeeping system to reduce the number of overtime hours worked;

d. Regardless of their location, Defendant did not pay Plaintiffs and the Collective an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per workweek;

e. Regardless of their location, Defendant suffered and permitted Plaintiffs and the Collective to work off-the-clock; and

f. Defendant maintained common timekeeping and payroll systems and policies with respect to Plaintiffs and the Collective, regardless of their location.

43. Defendant encouraged, suffered, and permitted Plaintiffs and the Collective to work more than forty (40) hours per week without proper overtime compensation.

44. Defendant knew that Plaintiffs and the Collective performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendant operated under a scheme, as previously described, to deprive Plaintiffs and the Collective of overtime compensation.

45. Defendant's conduct as alleged herein was willful and caused damage to Plaintiffs and the Collective.

46. Defendant is liable under the FLSA for failing to properly pay Plaintiffs and the Collective overtime wages. Plaintiffs request that the Court authorize notice to the members of the Collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b) for the purpose of seeking unpaid overtime compensation, liquidated damages under FLSA, and the other relief requested herein.

47. Plaintiffs estimate that the collective, including both current and former employees over the relevant period, will include more than 50 members. The precise number of collective members should be readily available from Defendant's personnel, scheduling, time, and payroll

records as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b). Given the composition and size of the Collective, its members may be informed of the pendency of this action directly via U.S. mail and e-mail.

## CLASS ACTION ALLEGATIONS

48. Plaintiffs bring Count II of their First Amended Complaint pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the following class:

> **All individuals who currently work, or have worked, for Defendant as Wireless Retail Sales Associates at Defendant's North Carolina locations at any time within the preceding 2-years from the date of filing Plaintiffs' initial Complaint.**

49. This action under NCWHA, N.C. Gen. Stat. §§ 95-25.6 and 95-25.7, is maintainable as a class action pursuant to Rule 23 for failure to pay promised and earned wages for all hours worked by Plaintiff and members of the proposed class on their scheduled paydays.

50. The proposed class is easily ascertainable. The number and identity of NCWHA class members are determinable from Defendant's payroll records or records over which it has control.

51. The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Plaintiff at this time, upon information and belief, the class is comprised of in excess of 50 individuals.

52. There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class in that Plaintiff and all members of the proposed class have been harmed by Defendant's failure to pay earned wages. The common questions of law and fact include, but are not limited to the following:

(a) whether Defendant maintained a policy and practice of failing to pay Plaintiffs and all members of the proposed class for all wages earned on their regular pay days;

(b) whether Defendant suffered and permitted Plaintiffs and all members of the proposed class to work off the clock without compensation;

(c) whether Defendant shaved time from the hours worked by Plaintiffs and all members of the proposed class; and

(d) whether the policies and practices described above violate NCWHA §§ 95-25.6 and 95-25.7.

53. The damages suffered by Plaintiffs and the members of the proposed class arise from the same common nucleus of operative facts.

54. The claims alleged by Plaintiffs are typical of those claims that could be alleged by any member of the proposed class and the relief sought is typical of the relief that would be sought by each member of the class in separate actions. All class members were subject to the same compensation practices of Defendant; i.e. refusing to timely pay all promised and earned wages on their regular paydays. The compensation policies and practices of Defendant affected all class members similarly, and Defendant benefitted from the same type of unfair and/or wrongful acts as to each class member. Plaintiffs and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

55. Plaintiffs are able to fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiffs and members of the

proposed class. Plaintiffs have retained counsel who is experienced and competent in both wage and hour and multi-plaintiff litigation.

56. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the loss, injuries, and damages suffered by each of the individual class members are modest, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

57. Important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for the Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

# COUNT I: FAILURE TO PAY OVERTIME WAGES UNDER THE
# FLSA FOR ALL OVERTIME HOURS WORKED

58. Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Amended Complaint as though fully set forth herein.

59. Defendant operates an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

60. Plaintiffs and the Collective are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

61. FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

62. Throughout the relevant period, Defendant violated the FLSA by routinely suffering or permitting Plaintiffs and the Collective to work overtime hours each week without paying them premium overtime pay at the correct overtime pay rate and for the actual number of overtime hours worked.

63. Throughout the relevant period, Plaintiffs and the Collective each worked in excess of 40 hours per week during one or more workweeks but were not paid an overtime premium of 1½ times their regular hourly rate for all of those additional hours.

64. Defendant's actions described in this Amended Complaint violated the FLSA.

65. Defendant's actions were willful and not in good faith.

66. Plaintiffs and the Collective have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for time

worked in excess of 40 hours per week from which Defendant derived a direct and substantial benefit.

67. Defendant is liable to Plaintiffs and the Collective for actual damages, liquidated damages, and equitable relief pursuant to 29 U.S.C. §216(b) as well as reasonable attorneys' fees, costs, and expenses.

68. Plaintiffs and the Collective are also entitled to injunctive relief to prevent Defendant from continuing their violation of the FLSA and other appropriate Collective-wide injunctive relief.

### COUNT II: VIOLATION OF THE NCWHA

69. Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Amended Complaint as though fully set forth herein.

70. Count II arises from Defendant's policy and practice of suffering or permitting Plaintiffs and similarly situated Associates to work without timely paying promised and earned wages for all hours worked in violation of N.C. Gen. Stat. §§ 95-25.6 and 95-25.

71. Defendant violated N.C. Gen. Stat. §§ 95-25.6 and 95-25.7 by failing to pay Plaintiffs and similarly situated Associates all promised and earned wage payments on the employees' regular payday for all hours worked.

72. Defendant's violation of the NCWHA was willful.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, demand judgment against Defendant, jointly and severally, and in favor of Plaintiffs and all others similarly situated, for a sum that will properly, adequately, and

15

Case 4:20-cv-00240-BO   Document 9   Filed 01/26/21   Page 15 of 18

completely compensate Plaintiffs and all others similarly situated for the nature, extent and duration of their damages, the costs of this action and as follows:

- A. Order the Defendant to file with this Court and furnish to counsel a list of all names, telephone numbers, e-mail addresses and home addresses of all Associates who have worked for the Defendant within the last three years;

- B. Authorize Plaintiffs' counsel to issue notice via U.S. Mail and e-mail at the earliest possible time to all Associates who worked for the Defendant within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

- C. Authorize Plaintiffs' counsel to issue notice via U.S. Mail and e-mail at the earliest possible time to all Associates who worked for the Defendant within the last two years, informing them that this action has been filed, of the nature of the action, and of their rights pursuant to the NCWHA and Rule 23 of the Federal Rules of Civil Procedure;

- D. Certify Plaintiffs' FLSA claims as a collective action;

- E. Certify Plaintiffs' NCWHA claim as a class action;

- F. Declare and find that the Defendant committed one or more of the following acts:

    i. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiffs and similarly situated persons who opt-in to this action;

    ii. Willfully violated provisions of the FLSA;

    iii. Violated provisions of NCWHA by failing to pay all earned regular wages to Plaintiffs and members of the class on regularly scheduled paydays; and

    iv. Willfully violated provisions of the NCWHA.

- G. Award compensatory damages, including all regular overtime pay owed, in an amount according to proof;

- H. Award liquidated damages on all compensation due accruing from the date such amounts were due;

- I. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

- J. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

K.　　For such further relief as the Court deems just and equitable.

Dated: January 26, 2021　　　　　　　　Respectfully Submitted,


　　　　　　　　　　　　　　　　　　　/s/ Philip J. Gibbons, Jr.
　　　　　　　　　　　　　　　　　　　Philip J. Gibbons, Jr., NCSB #50276

　　　　　　　　　　　　　　　　　　　**GIBBONS LEIS, PLLC**
　　　　　　　　　　　　　　　　　　　14045 Ballantyne Corporate Place, Ste. 325
　　　　　　　　　　　　　　　　　　　Charlotte, NC 28277
　　　　　　　　　　　　　　　　　　　Telephone: 704-612-0038
　　　　　　　　　　　　　　　　　　　Email:  phil@gibbonsleis.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served this 26th day of January, 2021 by e-mail and by depositing a copy of the same in the United States mail, first class postage prepaid, and properly addressed to the following counsel for Defendant:

| | |
|---|---|
| Devon D. Williams<br>WARD AND SMITH, P.A.<br>P.O. Box 33009<br>Raleigh, NC 27636-3009<br>ddwilliams@wardandsmith.com | S. McKinley Gray, III<br>WARD AND SMITH, P.A.<br>P.O. Box 867<br>New Bern, NC 28563-0867<br>smg@wardandsmith.com |

/s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr. NCSB #50276